

FILED

1  MICHELE L. JACKSON (SBN: 209841)
   MICHELE L. JACKSON, ATTORNEY AT LAW
2  19200 Von Karman Avenue, Suite 500
   Irvine, California 92612
3  telephone: (949) 622-5595
   facsimile: (949) 622-5598
4
   Attorney for Plaintiff Roberto E. Galan Segura
5

2012 NOV -1  AM 11: 18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10 ROBERTO E. GALAN SEGURA,          Case No.  CV12-01901-TJH(SPx)
   individually and on behalf of all other
11 similarly situated current and former
   employees of Defendants in the State of   **COMPLAINT FOR:**
12 California
                                      **(1) VIOLATION OF LABOR
13         Plaintiffs,                CODE § 231**

14    -v-                             **(2) VIOLATION OF LABOR
                                      CODE § 222.5**
15
   CRST VAN EXPEDITED, INC., an       **(3) DISCRIMINATION BASED
16 Iowa Corporation, and Does 1-10,   ON PERCEIVED DISABILITY**
   inclusive,
17         Defendants.                **(4) WAITING TIME
                                      VIOLATIONS**
18
                                      **(5) FAILURE TO PROVIDE
19                                    ACCURATE PAY STATEMENTS**

20                                    **(6) FAILURE TO PAY MINIMUM
                                      WAGE**
21
                                      **(6) UNLAWFUL AND UNFAIR
22                                    BUSINESS PRACTICES IN
                                      VIOLATION OF BUSINESS AND
23                                    PROFESSIONS CODE § 17200**

24                                    CLASS ACTION

25                                    DEMAND FOR JURY TRIAL

26       Comes now Plaintiff, Roberto E. Galan Segura, individually, and on behalf of

27 all others similarly situated, brings this class action Complaint against Defendant,

28                                    1

Complaint for Damages

1   CRST VAN EXPEDITED, INC. (hereinafter, "CRST") and alleges the following
2   upon information and belief, except as to those allegations concerning Plaintiff,
3   which are alleged upon personal knowledge:

4   **PRELIMINARY STATEMENT**

5   1.   This class action is within the Court's jurisdiction under California *Labor*
6        *Code* §§ 201-204, 218.6, 221-223,  226, 231, 500, 510, 512, 1174 (including
7        subdivisions c and (d)), 1194, 1194.2, 1197, and 1198, the California
8        *Business and Professions Code* § 17200 (Unfair Practices Act), the
9        California *Government Code* § 12900 et seq. .and the applicable wage
10       order(s) issued by the Industrial Welfare Commission ("IWC").

11  2.   This complaint challenges systemic illegal employment practices resulting in
12       violations of the California Labor Code, Business and Professions Code,
13       Government Code and applicable IWC wage orders to the detriment of
14       employees of Defendants.

15  3.   Plaintiff is informed and believes and based thereon allege that Defendants,
16       joint and severally have acted willfully and intentionally and with deliberate
17       indifference and conscious disregard to the rights of all employees, by:
18       a.   requiring employees to pay for the California Medical Examination
19            certificate, which was necessary to their employment as commercial
20            drivers and should have been paid for by CRST.
21       b.   requiring certain employees (based on their physical characteristics) to
22            pay for a sleep apnea test, which test was not necessary, should not
23            have been required by CRST and, if required, should have been paid
24            for by CRST and not the employee.
25       c.   causing the employees' pay to fall below minimum wage, based on the
26            testing and examination fees wrongfully required of them.
27       d.   failing to reimburse the employees for the testing and examination fees

28

2

wrongfully required of them along with the minimum wages withheld from them, at the time of the termination of their employment, resulting in waiting time violations.

e.  failing to keep and maintain and to provide the employees with accurate itemized wage statements.

f.  failing to reimburse employees for all work-related expenses

g.  wrongfully deducting examination and testing fees from the employees' paycheck

h.  for the reasons set forth in this paragraph, Plaintiff and similar employees were not paid all wages.

4.  The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code and applicable IWC wage orders.

5.  Plaintiff Segura also brings an individual claim against Defendant for failing to pay him minimum wage for training and orientation.

## JURISDICTION AND VENUE

6.  The Court has jurisdiction on the basis of diversity under the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), 1453 and 1711-1715, in that Defendant CRST and Plaintiff Segura are residents of different states: Iowa and California.  Furthermore, Plaintiff estimates that there are approximately 4000 putative class members and that their aggregate damages exceed $5,000,000, when one considers the penalties, lost wages, and waiting time claims combined, per individual class member.

7.  This Court has jurisdiction over this class pursuant to *Code of Civil*

3

1       *Procedure* § 382 and *Federal Rules of Civil Procedure, Rules* 23(a) and

2       23(b) (3).

3   8.    Venue is proper because Defendants do business in California.  Plaintiff

4       Segura was hired by CRST in Fontana, California and resides in Sylmar,

5       California.

6                           **PARTIES**

7   9.    Defendant CRST is an Iowa corporation authorized to and doing business in

8       the State of California, with its principal place of business within California

9       located in Fontana, California, where Plaintiff Segura was hired.

10  10.    Plaintiff Roberto E. Galan Segura was, at all times herein mentioned, a

11      resident of Sylmar, California.  He was employed by Defendant CRST as a

12      truck driver, pursuant to a written Driver Employment Contract with a term of

13      eight months, from March 25, 2011 through November, 25, 2011.  He

14      transferred freight for CRST throughout California and in Colorado, Missouri

15      and other states.  Plaintiff and the members of the proposed class and sub-

16      classes are current and former non-exempt employees of Defendants, who at

17      all times relevant to this action were residents and citizens of the State of

18      California, and who worked for CRST as interstate truck drivers within and

19      without the State of California.  Plaintiff has excluded himself from a

20      previous wage and hour class action settlement against CRST, which related

21      to reimbursement of training and orientation costs born by employees.  No

22      release exists which prohibits Plaintiff from bringing this action.

23  11.    Plaintiff is informed and believes and thereon alleges that at all times herein

24      mentioned Defendants and DOES 1 through 50, are and were corporations,

25      business entities, individuals, and partnerships, licensed to do business and

26      actually doing business in the State of California.  As such, Defendants are

27      subject to the provisions of California's *Labor Code, Government Code,*

28

4

*Business and Professions Code* and the applicable wage orders issued by the Industrial Welfare Commission (truck drivers are covered under Wage Order 9)

12. Plaintiff is informed and believes that over the last four years, Defendant has employed approximately 4000 California residents and citizens as truck drivers. Plaintiff is informed and believes that the aggregate damages these truck drivers have sustained based on CRST's violative practices exceed $5,000,000 or more than $1250 per putative class member.

13. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff pray leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

14. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

15. Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the joint employer, agent, employer, alter ego and/or joint venturer of, or working in concert with each of the other Co-Defendants and was acting within the course and scope

5

of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

16.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

17.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

18.    **Definition:** The named individual Plaintiff brings this action on behalf of himself and the class pursuant to California *Code of Civil Procedure* § 382 and also in accordance with *Federal Rules of Civil Procedure,* Rules 23 (a) and 23 (b) (3).  The classes consist of:

a.    Current and former non-exempt truck drivers for CRST who were/are residents and citizens of the State of California and, while they were employed by CRST, were made to pay the costs or any portion of the costs (or had said cost deducted from their pay), for the Medical Examination Report and Medical Certificate required by the California Department of Motor Vehicles, at any time from November 1, 2008 to

6

the present.("Medical Exam Class");

    b.    Current and former non-exempt truck drivers for CRST who were/are residents and citizens of the State of California and, while they were employed by CRST, were made to pay the costs or any portion of the costs  (or had said cost deducted from their pay)  of a sleep apnea test as a condition of their continued employment with CRST, at any time from November 1, 2008 to the present ("Sleep Apnea Fee Class");

    c.    Current and former non-exempt truck drivers for CRST who were/are residents and citizens of the State of California and were told that they were required to pay the costs (or to have said cost deducted from their pay) of a sleep apnea test as a condition of their continued receipt of job assignments and wages, at any time from November 1, 2008 to the present (Sleep Apnea Requirement Class");

    d.    Current and former non-exempt truck drivers for CRST who were/are residents and citizens of the State of California and were told that they were required to take a costly Sleep Apnea test at their own expense, due to their body weight or neck size, at any time from November 1, 2008 to the present ("Discrimination Class");

    e.    Current and former non-exempt truck drivers for CRST who were/are residents and citizens of the State of California, during the period from November 1, 2008 to the present who were provided wage statements ("Wage Statement Class");

    f.    Current and former non-exempt truck drivers for CRST who were/are residents and citizens of the State of California and have terminated their employment with CRST at any time from November 1, 2008 to the present, ("Waiting Time Class");

19.   **Numerosity:**  The members of each of the sub-classes exceed 100 persons

Complaint for Damages

and are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the classes is readily ascertainable by review of Defendants' records, including payroll records.  Plaintiff is informed and believes and based thereon alleges that (a) class members were regularly required to pay California Department of Motor Vehicles (hereinafter "DMV") required medical examination and certification fees out of their own pocket, although the DMV examination and certification were necessary for their work as commercial drivers at CRST; (b) some class members were bear the cost of expensive (i.e. $1500) sleep apnea tests as a condition of continued receipt of job assignment and wages from CRST; (c) class members were not provided with accurate and itemized wage statements from CRST, pursuant to *California Labor Code* § 226; (d) class members had their wages improperly deducted; (e) due to the improper expenses and deductions, class members' rate of pay fell below minimum wage;  (f) class members were regularly not reimbursed all business expenses and had to incur improper work-related losses on Defendants' behalf; (g) class members who had their employment with CRST terminated, were not paid all outstanding wages or reimbursed for all of their work-related expenses; (h) class members who, despite having passed medical examinations and being physically qualified to perform their job duties, were required to take a costly Sleep Apnea test based on their physical characteristics.

20.     **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the classes defined above. Plaintiff's attorney is ready, willing and able to fully and adequately represent the classes and individual Plaintiff. Plaintiff's attorney has prosecuted and settled wage-and-hour class actions in the past and currently has a number of wage-and-hour class actions pending in

8

1    California courts.

2    21.   Defendants uniformly administered a corporate policy, practice and/or custom
3          concerning shifting the cost of work expenses to its employees and making
4          unfair deductions to employee pay so that drivers were effectively working
5          for CRST for less than minimum wage.  Defendants deducted pay from
6          employees so frequently, for so many different reasons and for amounts that
7          were so unreasonable and exorbitant (i.e. the $1500 sleep apnea tests or the
8          DMV Medical Examination fee that CRST charged employees, which was
9          actually more than the DMV charged drivers directly) that it becomes clear
10         that the fees charged to employees were not legitimate, but were simply
11         manufactured excuses to withhold pay from the drivers and cause them to
12         work for CRST for less than minimum wage.

13   22.   Defendants uniformly administered a corporate policy, practice
14         and/or custom that failed to comply with the California *Labor Code*, including
15         but not limited to *Labor Code* §§ 222, 231, 1194, 1197 and 2802, which
16         statutes regulate minimum wage, the cost of driver's licenses, the cost of
17         medical examinations and reimbursement of job related expenses,
18         respectively.  Plaintiff is informed and believes and based thereon alleges that
19         this corporate conduct is accomplished with the advance knowledge and
20         intent to willfully fail to pay for all hours worked at the agreed upon rate and
21         or minimum wage and to willfully withhold appropriate wages for work
22         performed by class members.

23   23.   Plaintiff is informed and believes and based thereon alleges that Defendants,
24         in violation of *Labor Code* §§ 201, 202 and had a consistent and uniform
25         policy, practice and custom of willfully failing to comply with *Labor Code* §
26         203, when employment of the class members terminated.  Plaintiff
27         and other members of the class did not secret or absent themselves from

28

9

1    Defendants, nor refuse to accept the earned and unpaid wages from

2    Defendants. Accordingly, Defendants are liable for waiting time

3    compensation for the unpaid wages to separated employees pursuant to

4    *Labor Code* § 203.

5  24.  As a pattern and practice, in violation of the aforementioned labor laws and

6    wage orders, defendants did not maintain adequate records pertaining to when

7    Plaintiff and the members of the class began and ended each work period,

8    meal period, the total daily hours worked, and the total hours worked per pay

9    period and applicable rates of pay in violation of *Labor Code* § 226, 1174

10   and Industrial Welfare Commision Wage Order 9-2001.

11  25.  **Common Question of Law and Fact**: There are predominant common

12   questions of law and fact and a community of interest amongst Plaintiff and

13   the claims of the class concerning Defendants' (a) requirement that members

14   pay DMV license and certificate fees,(b) requirement that some members pay

15   for a sleep apnea test, (c) decision to require a sleep apnea test based on an

16   employee's weight or neck size and whether that constituted discrimination,

17   (d) failure to provide accurate and itemized wage statements, (e) failure to

18   pay all wages and deducted expenses at the time of termination of

19   employment, (f) engaging in unfair business practices.

20  26.  **Typicality**: The claims of Plaintiff are typical of the claims of all members of

21   the class.  Plaintiff is a member of the class and has suffered the alleged

22   violations of *Labor Code* §§ 222, 226, 231, 1194, 1197, 2802, the applicable

23   Industrial Welfare Commission Wage Order, the California Fair Employment

24   and Housing Act (FEHA) and California *Business and Professions Code* §

25   17200.  There is no conflict between Plaintiff's claim and the claims of the

26   putative class members.

27  27.  The California *Labor Code, Government Code, Business and Professions*

28

10

Complaint for Damages

1    *Code* and Wage Order provisions upon which Plaintiff bases his

2    claims are broadly remedial in nature. These laws and labor standards serve

3    an important public interest in establishing minimum working conditions and

4    standards in California. These laws and labor standards protect the average

5    working employee from exploitation by employers who may seek to take

6    advantage of superior economic and bargaining power in setting

7    onerous terms and conditions of employment.

8    28.   The nature of this action and the format of laws available to Plaintiff and

9          members of the class identified herein make the class action format a

10         particularly efficient and appropriate procedure to redress the wrongs alleged

11         herein. If each employee were required to file an individual lawsuit, the

12         corporate Defendants would necessarily gain an unconscionable advantage

13         since it would be able to exploit and overwhelm the limited resources

14         of each individual plaintiff with their vastly superior financial and legal

15         resources. Requiring each class member to pursue an individual remedy

16         would also discourage the assertion of lawful claims by employees who

17         would be disinclined to file an action against their former and/or current

18         employer for real and justifiable fear of retaliation and permanent damage to

19         their careers at subsequent employment.

20   29.   The prosecution of separate actions by the individual class members, even if

21         possible, would create a substantial risk of (a) inconsistent or varying

22         adjudications with respect to individual class members against the Defendants

23         and which would establish potentially incompatible standards of conduct for

24         the Defendants, and/or (b) adjudications with respect to individual class

25         members which would, as a practical matter, be dispositive of the interest of

26         the other class members not parties to the adjudications or which would

27         substantially impair or impede the ability of the class members to protect their

28

11

Complaint for Damages

interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

30.  Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiff and the class identified herein, in a civil action, for the unpaid balance of DMV and medical examination expenses, minimum wage pay shortages, reimbursement of all work-related expenses, restitution of improper deductions from wages, including interest thereon, discrimination, applicable damages and penalties, reasonable attorney's fees, and costs of suit, pursuant to *Labor Code* §§ 226, 1194, 1021.5 and FEHA.

31.  Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

32.  The Plaintiff class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Plaintiff class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

(Violation of California *Labor Code* § 231)

33.  Plaintiff incorporates the allegations contained in all preceding paragraphs, 1-32, as though fully set forth herein by reference.

34.  Plaintiff was employed by Defendant CRST pursuant to a written Driver

12

Employment Contract, with an 8 month term, from March 25, 2011 through November 25, 2011.  While working as a truck driver for Defendant CRST, plaintiff and all similarly situated CRST drivers who were California residents, was required to have a valid commercial California's Driver License (hereinafter "CDL"), pursuant to both CRST's policies and the laws of the State of California.  As part of the State of California's CDL requirements, a Medical Professional is required to complete a Medical Examination Report, known as a DL-51 by the California Department of Motor Vehicles ("DMV").  This form certifies that a person meets the medical standards to operate a commercial motor vehicle.

35.   Prior to his employment with CRST, Plaintiff Segura already possessed both a valid CDL and had submitted a DL-51 certificate in order to qualify for that CDL.  However, during the course of his employment with CRST, Plaintiff was required to submit a new DL-51.  The normal DMV fee for reissuance of the certificate is $30.00.  As Plaintiff's employer who required a CDL and the DL-51 certificate for performance of its job duties, CRST should have paid for the renewal itself.  However, CRST did not.  CRST charged Plaintiff $50 for said renewal (more than it would have cost if Plaintiff had paid for the renewal directly).  CRST should not have required Plaintiff to pay for the renewal certificate at all, but certainly should not have charged him more to renew than if he had dealt with the DMV to submit the Medical Examination Report directly himself.   Defendant had a uniform corporate practice and procedure of requiring employees to bear such examination costs.

36.   California *Labor Code* § 231 mandates that if you are required to have a CDL as part of your job, then your employer must pay the costs of the physical examination.  *Labor Code* § 231 provides: "Any employer who requires, as a condition of employment, that an employee have a driver's license shall pay

13

the cost of any physical examination of the employee which may be required for issuance of such license, except where the physical examination was taken prior to the time the employee applied for such employment with the employer."

37. Defendants, and each of them, violated the provisions of *Labor Code* § 231 and Plaintiff and the class members who also were charged this fee, are entitled to reimbursement of the Medical Examination costs charged to him by CRST, in addition to applicable penalties consisting of $100 for CRST's first violation and $200 for each subsequent violation.

38. Pursuant to California's Private Attorney General Act of 2004 (hereinafter PAGA), because *Labor Code* § 231 does not set forth its own penalty for a violation of its provisions, it is covered in the "catchall" penalty provisions of *Labor Code* § 2699 (see *Labor Code* § 2699.5). On September 24, 2012, Plaintiff duly provided notice to both the State of California's Labor and Workforce Development Agency (hereinafter "LWDA") and Defendant CRST, the employer, of his intention to bring a representative action on behalf of himself and all others similarly situated by reason of CRST's violation of *Labor Code* § 231 and other *Labor Code* statutes. Plaintiff effected notice by sending a letter containing a description of the *Labor Code* provisions (including § 231) violated by CRST to both CRST and the LWDA, which letter included the facts and theories to support the violations, pursuant to *Labor Code* § 2699.3 (a). This prelawsuit notice was sent to the LWDA and CRST by certified United States Postal Service mail postmarked September 24, 2012. The 33-day period for the LWDA to respond to that notice has expired and Plaintiff has not been advised that the LWDA intends to investigate Plaintiff's claims against Defendant CRST. To date, Plaintiff

14

has not received a response from LWDA.  With 33 days having elapsed since notice was given, as required by *Labor Code* § 2699.3 (a) 2 (A), plaintiff is now free to commence a civil action pursuant to *Labor Code* § 2699.

39.  Based on Defendant's violation of § *Labor Code* § 231, Plaintiff seeks reimbursement of the Medical Examination fees, along with all applicable PAGA and *Labor Code* penalties on behalf of himself and all other drivers similarly situated.  *Labor Code* § 2802 provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." Pursuant to *Labor Code* § 2802 Plaintiff and the class are entitled to reimbursement of the expenditures, plus interest and attorneys fees.

**SECOND CLAIM FOR RELIEF**

(Violation of California *Labor Code* § 222.5)

40.  Plaintiff incorporates the allegations contained in the preceding paragraphs 1-39 as though fully set forth herein by reference.

41.  During the term of Plaintiff's employment contract with Defendant CRST, Plaintiff was being made a very limited wage, due to the fact that Defendant was improperly deducting training and orientation fees from Defendant's pay check.  Plaintiff was looking forward to ending his "training" period with CRST and being able to work without financial obligation to the employer and finally earn the full wage due and owing to him, However, just weeks before the training fees that CRST deducted from his paycheck were about to come to an end, Defendants sprung a new cost onto Plaintiff.  Without prior

15

Complaint for Damages

1   warning, Defendant CRST informed Plaintiff, through his manager Robby,

2   that due to his weight, Plaintiff would be required to pay for the cost of a

3   Sleep Apnea test out of his own pocket, before he would be allowed to

4   continue driving for CRST.

5   42.   Plaintiff was advised that this Sleep Apnea test would cost $1500.  Plaintiff

6         could not pay that amount of his own pocket.  CRST then advised Plaintiff

7         that it would advance the cost of the Sleep Apnea test on his behalf, but the

8         amount of $1500 would be deducted from his future wages.  Plaintiff had

9         already virtually been working for CRST for months for free, since CRST had

10        already been deducting training and orientation costs from his paycheck.  Just

11        when he thought he would be breaking free of these onerous deductions,

12        CRST advised him of yet a new cost.

13  43.   Plaintiff had never been diagnosed with Sleep Apnea.  He did not suffer any

14        sleep apnea symptoms (which impact breathing while a person is asleep and

15        do not impair his driving ability while awake).  He had passed the Medical

16        Examination required by the DMV and had a valid certificate.  He was

17        physically able to do his job and had been doing it for months.  There was no

18        medical basis for Defendant's new insistence that Plaintiff take a Sleep

19        Apnea test and no such test was required under the law.  Plaintiff had not

20        been advised that a sleep apnea test would be required when he was hired.

21        However, months later he was told that a Sleep Apnea test was needed

22        because CRST considered his weight to be excessive and was requiring all

23        obese drivers to take a Sleep Apnea test.

24  44.   Plaintiff is informed and believes that while CRST was telling some drivers

25        that they must take a Sleep Apnea test due to their weight, others were

26        informed that one was needed because of their neck size.  While Plaintiff

27        would have been willing to take this unnecessary test if it had been paid for

28                                              16

by CRST, after having been living on a limited wage for months already, he could not afford to lose another $1500 personally paying for a medical examination required by CRST. He could not pay for the test himself and declined to have CRST deduct the cost from his future wages. Based on Plaintiff's inability to take the Sleep Apnea test, he was told that he could no longer drive for CRST. He was given no further trucking assignments and stopped earning the wages due under his employment contract with CRST. Defendant had a uniform corporate practice and procedure of requiring employees to bear such examination costs.

45. California *Labor Code* § 222.5 provides: "No person shall withhold or deduct from the compensation of any employee, or require any prospective employee or applicant for employment to pay, any fee for, or cost of, any pre-employment medical or physical examination taken as a condition of employment, nor shall any person withhold or deduct from the compensation of any employee, or require any employee to pay any fee for, or costs of, medical or physical examinations required by any law or regulation of federal, state or local governments or agencies thereof."

46. Even if Plaintiff had been diagnosed as suffering from sleep apnea (which he never had been) if a sleep apnea test was required for his employment, then CRST should have born the burden of such cost. In requiring Plaintiff and other similarly situated employees to pay the cost of a sleep apnea test out of their own pockets (or have that cost deducted from their paychecks) as a condition of continued work and employment, Defendants, and each of them, violated *Labor Code* § 222.5.

47. Pursuant to California's Private Attorney General Act of 2004 (hereinafter PAGA), because *Labor Code* § 222.5 falls within the "catchall" penalty

17

provisions of *Labor Code* § 2699 (see *Labor Code* § 2699.5).  On September 24, 2012, Plaintiff duly provided notice to both the State of California's Labor and Workforce Development Agency (hereinafter "LWDA") and Defendant CRST, the employer, of his intention to bring a representative action on behalf of himself and all others similarly situated by reason of CRST's violation of *Labor Code* § 222.5 and other *Labor Code* statutes. Plaintiff effected notice by sending a letter containing a description of the *Labor Code* provisions (including § 222.5) violated by CRST to both CRST and the LWDA, which letter included the facts and theories to support the violations, pursuant to *Labor Code* § 2699.3 (a).  This prelawsuit notice was sent to the LWDA and CRST  by certified United States Postal Service mail postmarked September 24, 2012.  The 33-day period for the LWDA to respond to that notice has expired and Plaintiff has not been advised that the LWDA intends to investigate Plaintiff's claims against Defendant CRST.  To date, Plaintiff has not received a response from LWDA.  With 33 days having elapsed since notice was given, as required by *Labor Code* § 2699.3 (a) 2 (A), plaintiff is now free to commence a civil action pursuant to *Labor Code* § 2699.

48. Based on Defendant's violation of § *Labor Code* § 222.5, Plaintiff seeks all applicable penalties for violations of *Labor Code* § 222.5 and reimbursement of the sleep apnea test fees paid by any similarly situated class members. *Labor Code* § 2802 provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." Pursuant to *Labor Code* § 2802 Plaintiff and the class are entitled

18

1    to reimbursement of the expenditures, plus interest and attorneys fees.

2                    **THIRD CLAIM FOR RELIEF**

3           (Discrimination Based on Perceived Disability in Violation of FEHA)

4    49.  Plaintiff incorporates the allegations contained in the preceding paragraphs 1-
5         48 as though fully set forth herein by reference.

6    50.  The actions of Defendants, as described in this Complaint, constitute unlawful
7         discrimination on the basis of Plaintiff's weight and/or neck size.  Due to
8         Plaintiff's size, Defendant CRST perceived him as somehow disabled and
9         less able to perform his job duties that smaller sized drivers.  Based on this
10        perception of disability, Defendants subjected Plaintiff to disparate treatment
11        and required Plaintiff to take a costly Sleep Apnea test at his own expense,
12        which test was not required of employees who weighed less or had a neck
13        size that was smaller in circumference.

14   51.  At all times herein mentioned, Plaintiff was qualified to perform his job
15        duties, had passed a medical examination, and was, in fact performing his job
16        duties.  Plaintiff was exhibiting no symptoms which would have justified the
17        Sleep Apnea test requirement.  Defendants only basis for requiring Plaintiff to
18        undergo such a test was his physical *characteristics*, not his actual health
19        status or physical condition.  Defendants harbored a perception that
20        employees of Plaintiff's size and neck size were somehow less capable of
21        performing their job duties, despite meeting all other eligibility requirements.
22        Defendants believed that such employees were limited in their ability to
23        breathe and maintain normal and healthy brain, heart and other vital organ
24        functions, as needed to safely operate a commercial motor vehicle.

25   52.  Defendants' perception that Plaintiff was physically disabled, adversely
26        altered his employment conditions, requiring him to pay $1500 for a test that
27        others who were not perceived as disabled were not required to take.  When

28                                        19

Complaint for Damages

1    Plaintiff could not undertake the cost of this unnecessary test, he was denied

2    work and wages, as were similarly situated CRST employees who were

3    deemed obese or who had a large neck size (more than 17 inches).  Their

4    physical characteristics were seen by CRST as a physical impairment.

5    Defendants wrongfully perceived Plaintiff and similarly situated individuals as

6    incapable of performing their job duties.  42 USCA § 12102 (3) (A) protects

7    employees from discrimination  "because of actual or perceived physical or

8    mental impairment whether or not the impairment limits or is perceived to

9    limit a major life activity."

10   53.   Similarly, California's *Government Code* § 12926.1 (b) provides: "It is the

11         intent of the Legislature that the definitions of physical disability and mental

12         disability be construed so that applicants and employees are protected from

13         discrimination due to an actual or perceived physical or mental impairment

14         that is disabling, potentially disabling or perceived as disabling or potentially

15         disabling."   Due to his weight, CRST regarded or treated Plaintiff as having

16         a health condition or impairment that limits a major life activity (making

17         ability and achievement more difficult) and diminishing his ability to perform

18         his job duties safely.

19   54.   If Plaintiff had indeed suffered from sleep apnea, he was entitled to a

20         reasonable job accommodation from CRST.  However, never having been

21         diagnosed with sleep apnea at all, it was discriminatory to treat him as

22         disabled based only on his weight and/or neck size and for CRST to deny him

23         continued work simply for being unable to afford the cost of a Sleep Apnea

24         test.

25   55.   The unfair restrictions and requirements that CRST placed on Plaintiff due to

26         his weight impeded Plaintiff's progress and the enjoyment of his employment

27         with Defendant CRST to the point where he was not allowed to continue

28                                              20

Complaint for Damages

1    driving for the company.

2    56.   Defendants knew (or should have known) of the discriminatory conduct

3          against Plaintiff but did nothing to prevent or stop the discrimination and

4          disparate treatment.  When Plaintiff informed Defendant that he could not

5          afford the cost of the required sleep apnea test, Defendant refused to pay for

6          it, but would only agree to deduct the sum from Plaintiff's advance wages.

7    57.   Defendants' discrimination against Plaintiff and similarly situated individuals

8          based on their perceived disability, as described in this Complaint violates the

9          public policy of the state of California as promulgated in the Fair Employment

10         and Housing Act, Government Code Section 12940 *et. seq.*, and other state

11         and federal statutes which prohibit discrimination and in employment,

12         including the California constitution and the Civil Rights Act as amended.

13   58.   As a direct and proximate result of Defendants' discrimination, Plaintiff and

14         similarly situated class members have sustained and will continue to suffer

15         damages in an amount within the jurisdiction of this court, the exact amount

16         to be proven at trial.  Such damages include:

17              a.    loss of salary and other valuable employment benefits;

18              b.    prejudgment interest and interest on the sum of damages at the

19                    legal rate; and

20              c.    other consequential damages, including damages for shame,

21                    humiliation, mental anguish and emotional distress caused by the

22                    conduct of Defendants.

23   59.   Defendants sleep apnea test requirements based on driver weight and/or neck

24   size were not only practiced in California but in all the states where Defendant

25   CRST operates.  The test requirements were a systemic, corporate-wide practice.

26   Because the wrongful acts against Plaintiff were carried out, authorized or ratified

27   by Defendants' directors, officers and/or managing agents, acting with malice,

28                                              21

Complaint for Damages

1  oppression or fraud, or deliberate, wilful and conscious disregard of the probability

2  of causing injury to Plaintiff and similarly situated employees, as reflected by the

3  acts as described earlier in this Complaint, Plaintiff seeks punitive damages against

4  Defendants on a classwide basis in order to deter them from such and similar

5  conduct in the future.  In July 2012 Plaintiff filed a Charge of Discrimination with

6  the California Department of Fair Employment and Housing based on perceived

7  disability.  On July 14, 2012, the Department of Fair Employment and Housing

8  issued Plaintiff a "Right-to-Sue" notice, giving him the right to file the instant claim

9  for discrimination, within one year from said date.

10                          **FOURTH CLAIM FOR RELIEF**

11                            (Waiting Time Violations)

12  60.   Plaintiff incorporates the allegations contained in all preceding paragraphs, 1-

13        59, as though fully set forth herein by reference.

14  61.   California *Labor Code* § 201 requires Defendants to pay its discharged

15        employees all wages due immediately upon discharge.  California *Labor*

16        *Code* § 202 requires that if an employee quits his or her employment, "his or

17        her wages shall become due and payable not later than 72 hours thereafter,

18        unless the employee has given 72 hours previous notice of his or her intention

19        to quit, in which case the employee is entitled to his or her wages at the time

20        of quitting. Notwithstanding any other provision of law, an employee who

21        quits without providing a 72-hour notice shall be entitled to receive payment

22        by mail if he or she so requests and designates a mailing address."

23  61.   California *Labor Code* § 203 provides that if an employer willfully fails to

24        timely pay any wages that are due to an employee who quits or is discharged,

25        the employer must, as a penalty, continue to pay the employees' wages until

26        the back wages are paid in full or an action is commenced. The penalty

27        cannot exceed 30 days of wages. To this end, Labor Code § 203 provides as

28                                         22

1    follows:

2    If an employer willfully fails to pay, without abatement or reduction, in

3    accordance with Sections 201, 201.5, 202 and 205.5, any wages of an

4    employee who is discharged or who quits, the wages of the employee shall

5    continue as a penalty form the due date thereof at the same rate until paid or

6    until an action therefore is commenced; but the wages shall not continue for

7    more than 30 days. (effective January 1, 1993 [and prior thereto, at all times

8    herein relevant, with minor revisions not relevant to this action] through the

9    present)

10   62.   When CRST and Does 1-50, inclusive terminated employees or had

11         employees quit, Defendants did not reimburse them for their medical exam

12         expenditures and the minimum wage violations resulting therefrom at the time

13         of the employment termination.  As a result, terminating employees are

14         entitled to unpaid compensation, pursuant to Labor Code § 203, but to date

15         have not received such compensation.

16   63.   As a consequence of Defendants' willful conduct in not paying compensation

17         for all hours worked Plaintiff and many Class Members are entitled to up to

18         30 days wages as a penalty under Labor Code section 203, together with

19         interest thereon and attorneys' fees and costs.

20

21                       **FIFTH CLAIM FOR RELIEF**

22                 (Failure to Provide Accurate Wage Statements)

23   64.   Plaintiff incorporates the allegations contained in all preceding paragraphs 1-

24         63, as though fully set forth herein by reference.

25   65.   As a result of Defendant's unlawful deductions from wages to pay the costs

26         of medical examinations that should have been covered by CRST, Defendant

27         failed to provide Plaintiff and similarly situated class members with true and

28                                        23

1  correctly itemized wage statements.  Further, since the deductions sometimes

2  caused class member paychecks to dip below minimum wage, the wage

3  statements were not accurate as to the class members' true rate of pay.

4  66.  Defendants, as a matter of uniform policy and practice and procedure, did not

5  maintain and keep accurate records of their California non-exempt hourly

6  employees in violation of *Labor Code* § 226.

7  67.  Because of Defendants' violations of the *Labor Code*, as set forth in the

8  preceding paragraphs such a pattern, practice and uniform administration of

9  corporate policy in violation of labor law as described herein is unlawful and

10  creates an entitlement to recovery by Plaintiff and the class identified herein,

11  in a civil action, for all damages and/or penalties pursuant to *Labor Code* §

12  226, including interest thereon, penalties, reasonable attorney's fees, and costs

13  of suit.

14  68.  Defendants' wrongful and illegal conduct in failing to accurately record the

15  hours worked  in accordance with *Labor Code* § 226 despite the clear legal

16  obligation to do so, unless and until enjoined and restrained by order of this

17  court, will cause great and irreparable injury to Plaintiff and all members of

18  the class in that the Defendants will continue to violate these California  laws,

19  represented by labor statutes, unless specifically ordered to comply with

20  same. This expectation of future violations will require current and future

21  employees to repeatedly and continuously seek legal redress in order to gain

22  compensation to which they are entitled under California law. Plaintiff has no

23  other adequate remedy at law to insure future compliance with the California

24  labor laws and wage orders alleged to have been violated herein.

## SIXTH CLAIM FOR RELIEF

(Failure to Pay Minimum Wage Pursuant to *Labor Code* § 1194)

27  69.  Plaintiff incorporates the allegations contained in all preceding paragraphs, 1-

24

1    68, as though fully set forth herein by reference.

2    70.   This cause of action is brought pursuant to *Labor Code* § 1194, which

3    provides that employees are entitled to minimum wages and compensation for

4    work performed.  When Plaintiff and similarly situated class members were

5    forced to pay for medical examinations out of their own pocket, when that fee

6    should have been paid for by CRST, because it was necessary for their job

7    duties, the resulting deductions from Plaintiff's wages sometimes caused their

8    hourly pay rate to fall below minimum wage, as prescribed by the State of

9    California.  Defendants, and each of their, failure to pay minimum wage

10   according to the mandates of California law is, and at all times herein

11   mentioned was, in violation of California *Labor Code* § 1194, and California

12   Industrial Welfare Commission wage order(s).  Plaintiff is entitled to damages

13   pursuant to *Labor Code* §§ 1194.2 and 1197.1.

14   **SEVENTH CLAIM FOR RELIEF**

15   (Violation of *Business and Professions Code* §§ 17200 *et seq.*)

16   71.   Plaintiff incorporates the allegations contained in all preceding paragraphs 1-

17   70, as though fully set forth herein by reference.

18   72.   Defendants, and each of them, have engaged and continue to engage in unfair

19   business practices in California by practicing, employing and utilizing the

20   employment practices outlined above, inclusive, to wit, by their: (a) requiring

21   drivers to pay for the cost of DMV medical examination certificates

22   themselves; (b) requiring some drivers to pay the cost of sleep apnea tests

23   themselves; (c) failure to pay all minimum wages earned; (d) failure to keep

24   and provide accurate payroll records in violation of Labor Code § 226, and

25   (e) failure to reimburse class members for all for the wrongfully charged

26   medical examination expenses in violation of *Labor Code* § 2802.

27   73.   Defendants' utilization of such unfair business practices constitutes unfair

28
25

1   competition and provides an unfair advantage over Defendants' competitors
2   who do follow the law.

3   74.   Plaintiff seeks, on his own behalf, on behalf of other members of the class
4         similarly situated, and on behalf of the general public, full restitution of
5         monies, as necessary and according to proof, to restore any and all monies
6         withheld, acquired and/or converted by the Defendants by means of the unfair
7         practices complained of herein.

8   75.   Plaintiff seeks, on his own behalf, on behalf of other members of the class
9         similarly situated, and on behalf of the general public, an injunction to
10        prohibit Defendants from continuing to engage in the unfair business practices
11        complained of herein.

12  76.   The restitution includes the equivalent of all unpaid wages, minimum wages,
13        and expense reimbursements.

14  77.   The acts complained of herein occurred within the last four years preceding
15        the filing of the complaint in this action.

16  78.   Plaintiff is informed and believes and on that basis alleges that at all times
17        herein mentioned Defendants have engaged in unlawful, deceptive and unfair
18        business practices, as proscribed by California *Business and Professions*
19        *Code* § 17200, et seq., including those set forth herein above thereby
20        depriving Plaintiff and other members of the general public the minimum
21        working condition standards and conditions due to them under the California
22        laws and Industrial Welfare Commission wage orders as specifically
23        described therein.

24                          **PRAYER FOR RELIEF**

25  1.    For an order certifying the proposed class;

26  2.    For an order appointing Plaintiff as the representative of the class;

27  3.    For an order appointing Counsel for Plaintiff as class counsel;

28                                    26

Complaint for Damages

4.   Upon the First and Second Claims for Relief, for consequential damages (including reimbursement of expenditures) according to proof;

5.   Upon the First and Second Claims for Relief all applicable penalties under *Labor Code* § 2802, including but not limited to costs, attorneys fees and interest;

6.   Upon the First and Second Claims for Relief all applicable penalties under the catchall provisions of PAGA;

7.    Upon the Third Claim for Relief, for general and special damages in amounts to be proven at trial;

8.   Upon the Third Claim for Relief, for loss of wages and wage-related benefits in amounts to be proven at trial;

9.   Upon the Third Claim for Relief, for reasonable attorney fees under FEHA;

10.   Upon the Third Claim for Relief, for punitive and exemplary damages in amounts to be proven at trial;

11.   Upon the Third Claim for Relief, for costs of suit incurred herein under FEHA; and

12.   Upon the Fourth Claim for Relief, for waiting time compensation according to proof pursuant to California *Labor Code* § 203;

13.   Upon the Fifth Claim for Relief, for all applicable penalties pursuant to *Labor Code* § 226 (a);

14.   Upon the Sixth Claim for Relief, for all applicable penalties (including but not limited to liquidated damages) pursuant to *Labor Code* § 1194.2;

15.   Upon the Sixth Claim for Relief, for all applicable penalties pursuant to *Labor Code* § 1194.1;

16.   Upon the Sixth Claim for Relief, for attorneys fees and costs pursuant to *Labor Code* § 1194.3;

17.   Upon the Seventh Claim for Relief, for restitution to Plaintiff and other

27

1    similarly effected members of the general public of all funds unlawfully

2    acquired by Defendants by means of any acts or practices declared by this

3    Court to be violative of the mandate established by *Business and Professions*

4    *Code* § 17200, *et seq.*

5    18.   Upon the Seventh Cause of Action, for an injunction to prohibit Defendants

6          to engage in the unfair business practices complained of herein;

7    19.   Upon the Seventh Cause of Action, for an injunction requiring Defendants to

8          give notice to persons to whom restitution is owing of the means by which to

9          file for restitution;

10   20.   For costs and disbursements, pre-judgment and post-judgment interest and

11         attorneys' fees; and

12   21.   For such further or alternative relief in favor of Plaintiff and all class members

13         as the Court deems appropriate.

14   Dated: November 1, 2012          MICHELE L. JACKSON, ATTORNEY AT LAW

16

17   By _____
           MICHELE L. JACKSON

18         Attorney for Plaintiff
           ROBERTO E. GALAN SEGURA

19         and all others similarly situated

                          **JURY TRIAL DEMAND**

20

21         Pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 38-1,

     Plaintiff demands a jury trial for all issues so triable.

22   Dated: November 1, 2012          MICHELE L. JACKSON, ATTORNEY AT LAW

23

24

25   By _____
           MICHELE L. JACKSON

26         Attorney for Plaintiff
           ROBERT E. GALAN SEGURA

27         and all others similarly situated

28                               28

     _____
     Complaint for Damages

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Terry J. Hatter and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

## EDCV12- 1901 TJH (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
ROBERTO E. GALAN SEGURA, individually and on behalf of all other similarly situated current and former employees of Defendants in the State of California

**DEFENDANTS**
CRST VAN EXPEDITED, INC., an Iowa Corporation, and Does 1-40, inclusive.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Michele L. Jackson, Attorney at Law  (949) 622-5595
19200 Von Karman Avenue, Suite 500
Irvine, California 92612

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☑2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)
☑1 Original Proceeding  ☐2 Removed from State Court  ☐3 Remanded from Appellate Court  ☐4 Reinstated or Reopened  ☐5 Transferred from another district (specify):  ☐6 Multi-District Litigation  ☐7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No  ☑ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
U.S. Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332 (d), 1453 and 1711-1715

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES: ☐400 State Reapportionment ☐410 Antitrust ☐430 Banks and Banking ☐450 Commerce/ICC Rates/etc. ☐460 Deportation ☐470 Racketeer Influenced and Corrupt Organizations ☐480 Consumer Credit ☐490 Cable/Sat TV ☐810 Selective Service ☐850 Securities/Commodities/Exchange ☐875 Customer Challenge 12 USC 3410 ☐890 Other Statutory Actions ☐891 Agricultural Act ☐892 Economic Stabilization Act ☐893 Environmental Matters ☐894 Energy Allocation Act ☐895 Freedom of Info. Act ☐900 Appeal of Fee Determination Under Equal Access to Justice ☐950 Constitutionality of State Statutes

CONTRACT: ☐110 Insurance ☐120 Marine ☐130 Miller Act ☐140 Negotiable Instrument ☐150 Recovery of Overpayment & Enforcement of Judgment ☐151 Medicare Act ☐152 Recovery of Defaulted Student Loan (Excl. Veterans) ☐153 Recovery of Overpayment of Veteran's Benefits ☐160 Stockholders' Suits ☐190 Other Contract ☐195 Contract Product Liability ☐196 Franchise

REAL PROPERTY: ☐210 Land Condemnation ☐220 Foreclosure ☐230 Rent Lease & Ejectment ☐240 Torts to Land ☐245 Tort Product Liability ☐290 All Other Real Property

TORTS PERSONAL INJURY: ☐310 Airplane ☐315 Airplane Product Liability ☐320 Assault, Libel & Slander ☐330 Fed. Employers' Liability ☐340 Marine ☐345 Marine Product Liability ☐350 Motor Vehicle ☐355 Motor Vehicle Product Liability ☐360 Other Personal Injury ☐362 Personal Injury-Med Malpractice ☐365 Personal Injury-Product Liability ☐368 Asbestos Personal Injury Product Liability

IMMIGRATION: ☐462 Naturalization Application ☐463 Habeas Corpus-Alien Detainee ☐465 Other Immigration Actions

TORTS PERSONAL PROPERTY: ☐370 Other Fraud ☐371 Truth in Lending ☐380 Other Personal Property Damage ☐385 Property Damage Product Liability

BANKRUPTCY: ☐422 Appeal 28 USC 158 ☐423 Withdrawal 28 USC 157

CIVIL RIGHTS: ☐441 Voting ☐442 Employment ☐443 Housing/Accommodations ☐444 Welfare ☐445 American with Disabilities - Employment ☐446 American with Disabilities - Other ☐440 Other Civil Rights

PRISONER PETITIONS: ☐510 Motions to Vacate Sentence Habeas Corpus ☐530 General ☐535 Death Penalty ☐540 Mandamus/Other ☐550 Civil Rights ☐555 Prison Condition

FORFEITURE / PENALTY: ☐610 Agriculture ☐620 Other Food & Drug ☐625 Drug Related Seizure of Property 21 USC 881 ☐630 Liquor Laws ☐640 R.R. & Truck ☐650 Airline Regs ☐660 Occupational Safety /Health ☐690 Other

LABOR: ☐710 Fair Labor Standards Act ☐720 Labor/Mgmt. Relations ☐730 Labor/Mgmt. Reporting & Disclosure Act ☐740 Railway Labor Act ☐790 Other Labor Litigation ☐791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS: ☐820 Copyrights ☐830 Patent ☐840 Trademark

SOCIAL SECURITY: ☐861 HIA (1395ff) ☐862 Black Lung (923) ☐863 DIWC/DIWW (405(g)) ☐864 SSID Title XVI ☐865 RSI (405(g))

FEDERAL TAX SUITS: ☐870 Taxes (U.S. Plaintiff or Defendant) ☐871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: ED CV12-01901 - TJH (SPx)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino (principal place of business in this state) | Iowa (State of incorporation) |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date November 1, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

*FILED*

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF OR
DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER

Michele L. Jackson
Michele L. Jackson, Attorney at Law
19200 Von Karman Avenue, Suite 500
Irvine, California  92612
(949) 622-5595

2012 NOV -1  AM 11: 18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

ATTORNEYS FOR   Plaintiff Roberto E. Galan Segura

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ROBERTO E. GALAN SEGURA, individually and
on behalf of all other similarly situated current and
former employees of Defendants in the State of Calif

Plaintiff(s).

v.

CRST VAN EXPEDITED, INC., an Iowa
Corporation, and Does 1-10, inclusive,

Defendant(s)

CASE NUMBER

ED CV12-01901-TJH(SPx)

CERTIFICATION AND NOTICE
OF INTERESTED PARTIES
(Local Rule 7.1-1)

TO:     THE COURT AND ALL PARTIES APPEARING OF RECORD:

The undersigned, counsel of record for   Plaintiff Roberto E. Galan Segura
(or party appearing in pro per), certifies that the following listed party (or parties) may have a direct, pecuniary
interest in the outcome of this case.  These representations are made to enable the Court to evaluate possible
disqualification or recusal.  (Use additional sheet if necessary.)

| PARTY | CONNECTION |
|---|---|
| (List the names of all such parties and identify their connection and interest.) | |
| CRST Van Expedited, Inc. | Defendant |
| Roberto E. Galan Segura | Plaintiff |

November 1, 2012
Date

Sign

Michele L. Jackson
Attorney of record for or party appearing in pro per

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| ROBERTO E. GALAN SEGURA, individually and on behalf of all other similarly situated current and former employees of Defendants in the State of California | ) ) ) ) |
| *Plaintiff(s)* | ) ) |
| v. | ) Civil Action No. ED **CV12-01901** -TJH(SPx) |
| CRST VAN EXPEDITED, INC., an Iowa Corporation, and Does 1-**50**, inclusive, | ) ) ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  CRST VAN EXPEDITED, INC., an Iowa Corporation

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Michele L. Jackson
Attorney at Law
19200 Von Karman Avenue
Suite 500
Irvine, California  92612

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: __11/1/2012__                                  _____
                                                                     *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: