UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO E. GALAN SEGURA, individually and on behalf of all other similarly situated current and former employees of Defendants in the State of California,<br><br>Plaintiffs,<br><br>vs.<br><br>CRST VAN EXPEDITED, INC., an Iowa Corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:12-cv-01901-TJH-SP<br><br>**PROTECTIVE ORDER**<br><br>**[NOTE CHANGE MADE BY THE COURT IN PARAGRAPH 5.2(b)]** |

Based on the stipulation of the parties and in recognition of the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, which provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances, and where good cause having been shown, **IT IS HEREBY ORDERED** that the provisions of the following Protective Order shall apply in this action:

**1.     Purposes and Limitations.**  Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private

information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed when a party seeks permission from the Court to file materials under seal.

**2.  Definitions.**

2.1  Party.  Any party to this action, including all of its officers, directors, employees, consultants, retained experts and outside counsel (and their support staff).

2.2  Disclosure or Discovery Material.  All items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3  "Confidential" Information or Items.  Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c).  The names, addresses, telephone numbers, and any other identifying information for individuals alleged to be members of the class or classes Plaintiff seeks to represent in this case will be designated and treated as "Confidential" in this litigation.

2.4  Receiving Party.  A party that receives disclosure or discovery material from a producing party.

      2.5    <u>Producing Party</u>.  A party or non-party that produces disclosure or discovery material in this action.

      2.6    <u>Designating Party</u>.  A party or non-party that designates information or items that it produces or in responses to discovery as "Confidential."

      2.7    <u>Protected Material</u>.  Any disclosure or discovery material that is designated as "Confidential."

      2.8    <u>Outside Counsel</u>.  Attorneys who are not employees of a party but who are retained to represent or advise a party in this action.

      2.9    <u>House Counsel</u>.  Attorneys who are employees of a party.

      2.10    <u>Counsel (without qualifier)</u>:  Outside counsel and house counsel (as well as their support staffs).

      2.11    <u>Expert</u>.  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a party or of a competitor of a party and who, at the time of retention, is not anticipated to become an employee of a party or a competitor of a party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

      2.12    <u>Professional Vendors</u>.  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

**3.**    <u>**Scope.**</u>  The protections conferred by this Order cover not only protected material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by parties or counsel to or in court or in other settings that might reveal protected material.  The parties have produced

documents prior to the entry of this Order and have agreed that the protections of this Order will extend to those documents. This Order accordingly covers documents produced prior to the date this Order as if those documents were produced on the date the Order was entered.

**4. Duration.** Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs.

**5. Designating Protected Material.**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to a specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of material, documents, items or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties), expose the designating party to sanctions. If it comes to the attention of a party or a non-party that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of Section 5.2(a) below) or as otherwise stipulated or ordered, material that qualifies for protection under this

4
Case No. 5:12-cv-01901-TJH-SP
Protective Order

Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires the following:

    a. <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), the producing party should affix the legend "CONFIDENTIAL" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the producing party must also clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A party or non-party who makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL. After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order. Before producing the specified documents, the producing party must affix the legend "CONFIDENTIAL" on each page that contains protected material. If only a portion of the material on a page qualifies for protection, the producing party must also clearly identify the protected portion (e.g., by making appropriate markings in the margins).

    b. <u>For testimony given in deposition or in other pretrial proceedings</u>, the party or non-party offering or sponsoring the testimony should identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as CONFIDENTIAL. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the party or non-party that sponsors, offers or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designed for protection within the 20 days shall be covered by the provisions of this Order. Transcript pages

containing protected material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL."

    c.  <u>For information produced in some form other than documentary, and for any other tangible items</u>, the producing party should affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portions.

5.3   <u>Inadvertent Failures to Designate</u>.  The inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the designating party's right to secure protection under this Order for such material, provided that the Producing Party notifies the Receiving Party, in writing by November 16, 2013 [or in the case of documents produced after November 16, 2013, no later than 14 days after the inadvertent failure to properly designate the material], that the Confidential Discovery Material was not properly designated, identifies the discovery material the Producing Party is designating as "CONFIDENTIAL" and provides a replacement copy of the discovery material with the "CONFIDENTIAL" designation.  Once the replacement copy is provided, , the receiving party  must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.**    **Challenging Confidentiality Designations.**

6.1   <u>Timing of Challenges</u>.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  A party that elects to initiate a challenge to a designating party's confidentiality designation must do so in good faith and shall inform counsel for the designating party in writing of that disagreement. Upon written notification that a party disagrees with a confidential designation, counsel for the objecting party and the designating party will confer in a good faith effort to resolve the dispute without the Court's intervention.

6.3     <u>Judicial Intervention</u>.  If the dispute is not resolved, the objecting party may invoke the Court's rules and procedures for raising discovery disputes set out in Local Rule 37-2 through 37-4 by serving the written stipulation contemplated by Local Rule 37-2 within 25 days of serving the objecting party's written notification of the party's disagreement with the designation.   The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

## 7.     **Access to and Use of Protected Material**

7.1     <u>Basic Principles</u>.  A receiving party may use protected material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending or attempting to settle this litigation. Such protected material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a receiving party must comply with the provisions of Section 11 below (Final Disposition).  Protected material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the designating party, a

receiving party may disclose any information or item designated CONFIDENTIAL only to:

    a. The receiving party's outside counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation*;*

    b. The officers, directors and employees (including house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

    c. Experts (as defined in this Order) of the Receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Stipulated Protective Order" *(Exhibit A);*

    d. The Court and its personnel;

    e. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to be Bound by Stipulated Protective Order" *(Exhibit A).* Pages of transcribed deposition testimony or exhibits to depositions that reveal protected material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

    f. The author, addressee, and any recipients of the document or the original source of the information.

**8.** **Protected Material Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL the receiving party must so notify the designating party, in writing (by e-mail or fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or

order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

**9.   Unauthorized Disclosure of Protected Material.**  If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound By Stipulated Protective Order" that is attached hereto as *Exhibit A*.

**10.   Filing Protected Material.**  Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any protected material. A party that seeks to file under seal any protected material must comply with Civil Local Rule 79-5.1.

**11.   Final Disposition.**  Unless otherwise ordered or agreed in writing by the producing party, within 60 days after the final termination of this action, each receiving party must return all protected material to the producing party. As used in this subdivision, "all protected material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the protected material. With permission in writing from the designating party, the receiving party

must destroy some or all of the protected material instead of returning it. Whether the protected material is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 60-day deadline that identifies (by category, where appropriate) all the protected material that was returned or destroyed and that affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the protected material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain protected material. Any such archival copies that contain or constitute protected material remain subject to this Order as set forth in Section 4 (Duration) above.

**12.   Miscellaneous.**

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**IT IS SO ORDERED.**



Magistrate Judge, U.S. District Court

# Exhibit A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____, of _____ [address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California on _____ in the case of *Roberto E. Galan Segura, et al. v. CRST Van Expedited, Inc., Case No. 5:12-cv-01901-TJH-SP*, agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California, Eastern Division, for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

4818-2052-8661, v.  1