# United States District Court
# Central District of California
# Eastern Division

| | |
|---|---|
| ROBERTO E. GALAN SEGURA, | ED CV 12-01901 TJH (SPx) |
| Plaintiff, | |
| v. | Order |
| CRST VAN EXPEDITED, INC., | |
| Defendant. | |

The Court has considered Defendant's motion for summary judgment and Plaintiff's motion for class certification.

Summary judgment is appropriate when "there is no geniune issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56). "A moving party without the ultimate burden of persuasion at trial has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Then, the nonmoving party must go beyond the pleadings and "designate specific facts showing that there is a geniune issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

On four of Plaintiff's claims, Defendant met its burden and Plaintiff did not, thus, entitling Defendant to summary judgment on those claims.  For a Cal. Lab. Code § 222.5 claim, relief applies only when the employer should have indemnified the employee from "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."  Cal. Lab. Code § 2802.  Defendant shows that Plaintiff did not take the sleep apnea test and did not incur any costs.  Plaintiff shows no authority to support his position that he is entitled to relief for expenditures he did not actually incur.  Also, for a California FEHA discrimination claim, an employer can show that there was a legitimate and nondiscriminatory reason for its decision.  *Department of Fair Emp't & Hous. v. Lucent Tech., Inc.*, 642 F.3d 728, 745 (9th Cir. 2011).  Defendant's reason for asking Plaintiff to be tested for sleep apnea was both legitimate and nondiscriminatory because he posed a potential danger to himself and to others while driving.

Next, Cal. Lab. Code § 226 requires an employer to include all deductions on an employee's wage statements, and an employee must demonstrate a cognizable injury arising from the employer's intentional nondisclosure of information to recover.  *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1141, 122 Cal. Rptr. 3d 175 (2011).  While, Defendant shows that it reported the amount being deducted from Plaintiff's paychecks, Plaintiff fails to allege an injury as a result of a knowing and intentional failure by Defendant to comply with the statute.  Further, Defendant shows it did not fail to pay Plaintiff minimum wage during his time outside of California, and Plaintiff acknowledged that Defendant's amounts were accurate.

However, Plaintiff does meet his burden of showing a geniune issue of material facts on the claim against Defendant for violating Cal. Lab. Code § 231.  Plaintiff's statement of his application date triggers Defendant's obligations to pay the costs "of any physical exam of the employee which may be required … except where the physical exam was taken prior to the time the employee applied for such employment."  Cal. Lab. Code § 231.  There is conflicting evidence, and, therefore summary judgment is

not appropriate. Also, since, employing unlawful and unfair business practices and a waiting time violation are derivatives of this claim, summary judgment is, also, denied.

With regard to Plaintiff's motion for class certification, Rule 23(a) establishes the moving party's requirement of satisfying numerosity, commonality, typicality and adequacy of representation for class certification. *General Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 156, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982). Further, failure to prove any element precludes certification. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997).

Numerosity requires the class to be so numerous that joinder of all members is impracticable. *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913 (9th Cir. 1964). Plaintiff asserts that there are over 6200 employees in the Medical Exam subclass and 245 employees in the Sleep Apnea subclasses, thus, numerosity is satisfied.

However, commonality and typicality are not satisfied. Commonality requires a common contention among class members so that in one stroke an issue that is central to the validity of each claim can be resolved. *Mazza v. American Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012). Typicality implicitly requires the named plaintiff be a member of the class he purports to represent at the time the class action is certified. *Bailey v. Patterson*, 369 U.S. 31, 32-33, 82 S. Ct. 549, 7 L. Ed. 2d 512 (1962). To be a member of a class, the named plaintiff must be able to prove actual injury to himself. *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974). Plaintiff alleges paying for a physical examination as an applicant in violation of Cal. Lab. Code § 231, yet, the proposed class includes members alleging the Defendant violated Cal. Lab. Code § 222.5 by failing to pay their medical expenses while they were actual employees. Also, Plaintiff, is not typical, since, he has not suffered any injuries under the alleged Cal. Lab. Code §§ 222.5 and 226 violations, failure to pay minimum wage and California FEHA discrimination claims, and, therefore, is not a class member. Further, the class includes members that are

1   precluded from recovering, since they have, already, recovered in *Smith v. CRST Van*
2   *Expedited, Inc.*, 2013 WL 163293 (S.D. Cal. Jan. 14, 2013).

3   Therefore, since, Plaintiff failed to demonstrate commonality and typicality
4   among his proposed class, adequacy of representation does not need to be discussed,
5   and, class certification is denied.

6

7   It is Ordered that Defendant's motion for summary judgment on Cal. Lab. Code
8   §§ 222.5 and 226, failure to pay minimum wage and discrimination based on a
9   perceived disability be, and hereby is, Granted.

10

11   It is further Ordered Defendant's motion for summary judgment on Cal. Lab.
12   Code § 231, waiting time violations and unlawful and unfair business practice be, and
13   hereby is, Denied.

14

15   It is further Ordered that Plaintiff's motion for class certification be, and hereby
16   is, Denied.

17

18   Date:  June 16, 2014

19

20                                              Terry J. Hatter, Jr.
21                                    Senior United States District Judge

22

23

24

25

26

27

28